The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, Arkansas 72701
Dear Senator Malone:
This is in response to your request for an opinion concerning Act 417 of 1989. That act amends A.C.A. 17-17-101 et seq. Specifically, your question is as follows:
 What is the exact procedure for registering with the Clerk under the provisions of 17-17-306? Do the bondsmen merely present a copy of their license to the Clerk? Do they, in fact, have to have a current license? Must they register with the Clerk each year evidencing that their license has been renewed? What if their license lapses or is revoked and then subsequently renewed? Are they placed back on the list in the original order or do they go to the bottom of the list?
 Section 17-17-206 indicates that the Commissioner shall furnish the Sheriff and the Circuit Clerk a complete record of registrations, revocations and suspensions and a list of the renewal licenses each year. Does the registration occur when the Circuit Clerk receives the notifications of such from the Commissioner's office? If so, is the Commissioner to notify each individual Clerk as to which bail bondsmen are doing business in Washington County? For your information the current practice of the Commissioner is to simply send out to all the bondsmen in the state without any sort of indication as to when they registered or what county they are doing business in.
You have posed many questions, all of which we will attempt to answer. It is necessary initially, however, to set out the relevant statutes. As you have noted, the relevant statutes are A.C.A. 17-17-206 and 17-17-306. They provide in pertinent part as follows:
 (c) Upon the approval and issuance of any license provided for under this chapter, the commissioner shall give written notice to the sheriff and circuit clerk of each county in the state.
 (d) Upon revocation or suspension of license, the commissioner shall give written notice to that effect to the sheriff and circuit clerk in each county in the state.
 (e) The sheriff and circuit clerk in each county shall maintain a complete record of registrations, revocation s, and suspensions.
 (f) Annually, the commissioner shall furnish the sheriffs and circuit clerks with a list of renewal licenses.
A.C.A. 17-17-206(c) — (f) (Supp. 1989).
 (a) The chief law enforcement officers of any facility having individuals or prisoners in their custody shall post in plain view in the facility housing those individuals or prisoners a list provided by the circuit clerk.
 (b) The list prepared by the circuit clerk and approved by the circuit court shall contain the names of professional bail bondsmen who register with the circuit clerk for the purpose of being included on the list.
 (c) Professional bail bondsmen shall be included on the list in the order in which they initially register with the clerk.
A.C.A. 17-17-306(a) — (c) (Supp. 1989).
In response to your questions, it is my opinion that the act contemplates that each professional bail bondsmen shall contact the circuit clerk and ask to "register" and have his or her name placed upon the list required by A.C.A. 17-17-306
(Supp. 1989). The circuit clerk may require, if he or she wishes, to see the license of the bondsmen, but the clerk should already have the information to know whether this individual has a license, because the Commissioner will have sent the clerk notice of any new license issued, (see17-17-206 (c)) and will annually send a list of renewal licenses as well. See 17-17-206(f).
In light of the conclusion above, it is my opinion that the "registration" does not occur when the clerk receives the notification from the Commissioner's office, and thus the Commissioner is not required to notify each individual clerk as to which bail bondsmen are doing business in Washington County. The bail bondsmen in the county will separately notify the clerk by "registering".
As for your other questions, it is my opinion that a professional bail bondsmen must indeed have a current license to register with the clerk. In fact, it can be argued that one is not a "professional bail bondsmen" if one is not currently licensed. It is also my opinion, however, that the professional bail bondsmen is not required to re-register each year evidencing that the license has been renewed. The clerk will already have this information. See A.C.A.17-17-206(f).
Finally, it is my opinion that if a professional bail bondsmen's license has lapsed, and then is subsequently renewed, his or her name is placed back on the list in its original order. This conclusion seems to be compelled by the language of 17-17-306(c) (Supp. 1989), which provides that "professional bail bondsmen shall be included on the list in the order in which they initially register with the clerk". (Emphasis added.)
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
RON FIELDS Attorney General
RF:arb
[1] You have noted that 17-17-206 "indicates that the Commissioner shall furnish the Sheriff and the Circuit Clerk a complete record of registrations, revocations, and suspensions and a list of the renewal licenses each year." (Emphasis original.) The act does not say this. Section17-17-206 does require the Commissioner to provide notice to each sheriff and circuit clerk of new licenses, revocation or suspension of licenses, and license renewals. Section17-17-206(e) requires the sheriff and circuit clerk to maintain a complete record of registrations, revocations, and suspensions. But nowhere is the Commissioner required to furnish a list of "registrations".
[2] It should be noted in response to your question that licenses which have been revoked cannot be renewed. See 17-17-210(e) (Supp. 1989).